IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

PATRICE WEBSTER,

                Plaintiff,                Case No. 3:07 CV 3687

-vs-

                                               MEMORANDUM   OPINION
LUCAS COUNTY BOARD                        AND   ORDER
OF ELECTIONS, et al.,

                Defendant.

KATZ, J.

**I. Background**

Plaintiff Patrice Webster brought this action against her former employer, the Lucas County Board of Elections and certain individuals, claiming discrimination, mistreatment, and unfair discharge from employment. The complaint was filed on December 2, 2007 and included a cause of action based on an alleged violation of Ohio Rev. Code. § 124.341. The defendants now move, pursuant to Fed R. Civ. P. 12(b)(6), for an Order dismissing the claims asserted in Count III of the complaint, on the basis that the plaintiff has failed to state a claim upon which relief can be granted.

**II. Standard of Review**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). The moving party bears the initial responsibility of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id.* at 323-25. Once the movant meets this burden, the opposing party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986) (quoting FED.R.CIV.P. 56(e)).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Rather, Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex,* 477 U.S. at 324; see also *Harris v. General Motors Corp.,* 201 F.3d 800, 802 (6th Cir.2000).  Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322.

"In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the nonmoving party." *Williams v. Belknap,* 154 F.Supp.2d 1069, 1071 (E.D.Mich.2001) (citing *60 Ivy Street Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir.1987)). However, "'at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter,' " *Wiley v. U.S.,* 20 F.3d 222, 227 (6th Cir.1994) (quoting *Anderson,* 477 U.S. at 249); therefore, "[t]he Court is not

required or permitted ... to judge the evidence or make findings of fact." *Williams,* 154 F.Supp.2d at 1071. The purpose of summary judgment "is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried." *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.,* 130 F.Supp.2d 928, 930 (S.D.Ohio 1999). Ultimately, this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. at 251-52; see also *Atchley v. RK Co.,* 224 F.3d 537, 539 (6th Cir.2000).

**III. Discussion**

Plaintiff's complaint asserts a cause of action based on an alleged violation of Ohio Rev. Code § 124.341. The complaint alleges that the plaintiff was terminated from her position with the defendant Board of Elections because she disclosed information regarding an alleged failure of the defendants to comply with federal and state law and regulations and other requirements of the Ohio Secretary of State. Complaint at ¶¶ 47-48.

Section 124.341 allows state employees to file a written report identifying violations of statutes, rules, or regulations or the misuse of public resources. Ohio Rev. Code § 124.341 (A). In addition, if the employee reasonably believes a violation or misuse of public resources is a criminal offense, the employee may report it to the supervisor, appointing authority, or the office of internal auditing. The employee may also report the violation to a prosecuting attorney, director of law, village solicitor, or similar chief legal officer of a municipal corporation. *Id. See* Ohio Rev. Code Ann. § 2935.01. Section 124.341 prohibits an officer or employee in the classified or unclassified civil service from taking disciplinary action against an employee for making any report authorized under section (A). Ohio Rev. Code § 124.341 (B).

3

Courts look to Ohio Rev. Code § 124.341 (D) in deciding whether there is an adequate remedy at law for violations of § 124.341 (A). *State ex. rel. Berry v. State Board of Building Standards*, 125 Ohio App.3d 178, 181 (Ohio Ct. App. 1998). The court in *Berry* decided the sole and exclusive remedy for an alleged violation is to file an appeal with the Ohio State Personnel Board of Review. *Id.* Thus, the plaintiff in the case at bar has failed, in Count III of the complaint, to state a claim upon which relief can be granted, because she has not shown that she filed an appeal with the Ohio State Personnel Board of Review. Section 124.341 therefore does not authorize a civil cause of action for the plaintiff's alleged damages.

**IV. Conclusion**

For the reasons discussed herein, Defendant's motion for dismissal of Count III is granted (Doc. 9).

IT IS SO ORDERED.

                                                     s/ *David A. Katz*
                                                     DAVID A. KATZ
                                                     U. S. DISTRICT JUDGE