IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

PATRICE WEBSTER,

                Plaintiff,          Case No. 3:07 CV 3687

  -vs-

                                     MEMORANDUM OPINION

LUCAS COUNTY BOARD
OF ELECTIONS, et al.,

                Defendant.

KATZ, J.

**I. Background**

Plaintiff Patrice Webster brought this action against her former employer, Lucas County Board of Elections, and certain individuals, claiming discrimination, mistreatment, and unfair discharge of employment. The complaint was filed on December 2, 2007 and included, among others, the following causes of action: Count 5 - violation of the Ohio constitution, Count 8 - disclosure of private facts, Count 9 - negligent employment, and Count 10 - respondeat superior. Defendant filed a motion to dismiss these four counts on May 28, 2008. Plaintiff has not responded to the motion weeks after the deadline for response has passed, and Plaintiff's counsel did not attend a status conference with the Court ordered for July 14, 2008. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

**II. Standard of Review**

No complaint shall be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45, (1957); *see also Pfennig v. Household Credit Servs.*, 295 F.3d 522, 525-26 (6th

Cir.2002) (citing *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir.1998)). When deciding a motion brought pursuant to Fed.R.Civ.P. 12(b)(6), the inquiry is essentially limited to the content of the complaint, although matters of public record, orders, items appearing in the record, and attached exhibits also may be taken into account. *Yanacos v. Lake County*, 953 F.Supp. 187, 191 (N.D.Ohio 1996). The Court's task is to determine not whether the complaining party will prevail on its claims, but whether it is entitled to offer evidence in support of those claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The Court must accept all the allegations stated in the complaint as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73, 81 (1984), while viewing the complaint in the light most favorable to the plaintiff. *Scheuer*, 416 U.S. at 236. A court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

**III. Discussion**

### A. Count 5

Count 5 alleges a violation of Plaintiff's right to free speech as guaranteed by the Ohio constitution because Defendant retaliated against Plaintiff for freely discussing a matter of public concern. Compl. at 11-12. Defendant moves for dismissal on the basis that Art. 1, Sec. 11 of the Ohio constitution does not provide a private right of action for violation of free speech. Defendant cites *Burr v. Burns*, 2005 U.S. Dist. LEXIS 39188 (S.D. Ohio Aug. 12, 2005), which held that, standing alone, sections of the Ohio constitution do not create a private right of action for the violation of rights enumerated therein. *Id.* (citing *Provens v. Stark County Bd. of Mental Retardatino & Developmental Disabilities*, 64 Ohio St. 3d 252 (Ohio 1992). The Court finds the foregoing cases persuasive and will dismiss Count 5.

**B. Count 8**

Count 8 alleges an invasion of privacy by the disclosure of private facts. To establish a claim for invasion of privacy by publication of private facts, there must be the following: (1) publicity; (2) the facts disclosed must be those concerning the private life of an individual; (3) the matter publicized must be one which would be highly offensive and objectionable to a reasonable person of ordinary sensibilities; (4) publication must have been made intentionally, not negligently; and (5) the matter publicized must not be a legitimate concern to the public. *Lavern Yoder, Jr. v. Ingersoll-Rand Company,* 1998 U.S. App. LEXIS 31993 (6th Cir. Dec. 22, 1998). The only allegation in the complaint under this section is that Defendant Jill Kelly publicly discussed Plaintiff's health and medical issue, which resulted in certain damages. That conclusory statement, at most, gives Plaintiff the chance to prove some elements of the cause of action, but does not touch such crucial considerations as intent and publication. Plaintiff has not sufficiently plead the elements of a cause of action for invasion of privacy by disclosure of private facts.

**C. Count 9**

Count 9 alleges a state law negligent employment claim against the Lucas County Board of Elections. Section 2744.02(A)(1) of the Ohio Revised Code states that, except as provided in §2744.02(B), a political subdivision, such as Defendant Board of Elections, is not liable for loss or injury allegedly caused by any act or omission of the political subdivision or its employee. Thus, only §2744.02(B) provides exceptions to the immunity conferred in §2744.02. Plaintiff's complaint fails to allege any exception to immunity under §2744.02(B).

**D. Count 10**

Count 10 alleges that Defendant Board of Elections is vicariously liable for the unlawful conduct of Defendant Kelly. Defendant Board of Elections is immune pursuant to Ohio Rev. Code 2744.02(A)(1) as described above on this claim as well. Additionally, a governmental entity, such as Defendant Board of Elections, may not be held liable under §1983 on the basis of respondeat superior alone. *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978).

**IV. Conclusion**

For the reasons discussed herein, Defendants' motion to dismiss is hereby granted in full (Doc. 13). Counts 5, 8, 9, and 10 of the complaint are hereby dismissed.

IT IS SO ORDERED.

    s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE